UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALVIN HOWARD CANELL,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS; SARA DEVENY (AHTANUM VIEW CORRECTIONS); KELLY WEST (ACCOUNTANT, AVCC); ROY GONZALES, DEPARTMENT OF CORRECTIONS; RISA KLEMME (AIRWAY HEIGHTS); OFFICER BAILEY (AIRWAY HEIGHTS PROPERTY OFFICER); MAGGIE MILLER-STOUT (SUPERINTENDENT AIRWAY HEIGHTS),<br><br>    Defendants. | NO. CV-09-3054-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |

Before the Court is Plaintiff's Motion to Compel (Ct. Rec. 9) and Defendants' Motion for Protective Order (Ct. Rec. 15). Plaintiff's Motion to Compel is currently noted for hearing on January 22, 2010 with oral argument. The Court has reviewed the briefing and has determined that oral argument is not necessary. *See* LR 7.1(h)(3)(iii).

Plaintiff is an inmate who was housed at the Ahtanum View Corrections Center in Yakima, Washington (AVCC) and Airway Heights Corrections Center (AHCC) in 2008 and 2009. He is asserting three causes of actions under 42 U.S.C. § 1983:

(1) Defendant Theresa Bailey unlawfully confiscated a pair of boots in a

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 1**

property room search at Airway Heights Corrections Center;

(2) Defendant Maggie Miller-Stout, Risa Klemme, Teresa Baker, and Roy Gonzalez violated his constitutional rights when an incoming letter to him was unlawfully restricted at the Airway Heights Corrections Center mailroom;

(3) Defendants Kelly West and Sara Deveny unlawfully changed the AVCC practice of debiting inmate accounts to pay for the costs of his legal postage and legal copies and that they unlawfully sold envelopes for outgoing legal mail.

Plaintiff now moves to compel discovery and Defendants move for a Protective Order to limit discovery.

In his Motion to Compel, Plaintiff states that he has requested discovery of Defendants and Defendants objected to all requests and provided responses that were incomplete, evasive, or failed to answer. Plaintiff states that the responses were not answered in 30 days, and were not signed by each Defendant. Plaintiff asserts that "Defendants should be ordered to provide responses to the discovery he requested." (Ct. Rec. 10).

According to Defendants, on June 30, 2009, they provided initial disclosures that included 230 pages of documents. Through the course of discovery, Defendants report that they have provided Plaintiff with 1,098 pages of documents. Defendants also complain that Plaintiff has repeatedly issued discovery requests for the same information before the answers to the prior requested discovery were due.

In his response to Defendants' Motion for Protective Order, Plaintiff admits that he has asked Defendants the same question in interrogatories.

The Court concludes that Plaintiff has abused the discovery process as evidenced by the quantity and nature of the discovery requests. Additionally, Plaintiff's motion does not adequately set forth the specific discovery issues for the Court to rule on the motion. Plaintiff's motion seeks the Court to order Defendants "to provide response to the discovery he requested." Fed. R. Civ. P. 33 and 34

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 2**

contemplate that a party may object to an interrogatory or request for production. In bringing his motion to compel, Plaintiff was required to specifically identify which interrogatory or request for production he was seeking an order compelling disclosure or discovery.  A general request to order Defendants to provide responses is not helpful nor adequate for the Court to rule on the motion to compel and does not permit the Court to rule on Defendant's objections.  Finally, the Court notes that the Federal Rules of Civil Procedure do not require that the individual Defendants sign the responses, and in reviewing the responses provided by Defendants, it is clear that Defendants answered many of the requests.

In their Motion, Defendants seek an order prohibiting Plaintiff from requesting any further discovery responses and/or motions to compel responses from Defendants.  Although the Court notes that the discovery cutoff was January 4, 2010, it finds that good cause exists to grant the motion, due to Plaintiff's abuse of the discovery process.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Compel (Ct. Rec. 9) is **DENIED**.
2. Defendants' Motion for Protective Order (Ct. Rec. 15) is **GRANTED**.
3. Plaintiff is prohibited from filing any additional discovery requests or motions to compel, absent a showing of good cause.
4. The hearing set for January 22, 2010 is **stricken**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and to furnish copies to Plaintiff and counsel.

**DATED** this 15th day of January, 2010.

       *s/Robert H. Whaley*
      ROBERT H. WHALEY
      United States District Judge

Q:\CIVIL\2009\Canell\denycompel.wpd

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER ~ 3**